<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHRISTOPHER MOJICA, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-3667 (GC) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondent. | : | |
| | : | |

<u>**CASTNER, District Judge**</u>

Petitioner, Christopher Mojica ("Petitioner" or "Mojica"), is a federal prisoner proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 1). In his motion, Petitioner argues that his sentence imposed for discharging a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii) is no longer valid because a Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. (*See* ECF 1 at 1-2).

On September 15, 2023, this Court issued an order to the parties requiring supplemental briefing to discuss the impact of the United States Court of Appeals for the Third Circuit's decision in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023). That case held that a completed Hobbs Act robbery is a crime of violence under § 924(c). *See Stoney*, 62 F.4th at 113-14. On October 10, 2023, the parties submitted a joint letter indicating that this matter should be denied given the holding by the Third Circuit in *Stoney*. (*See* ECF 28). Accordingly, Petitioner's § 2255 motion will be **DENIED.**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28

U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner fails to show that he is entitled to a COA on his § 2255 motion.

Accordingly, IT IS on this 13th day of October, 2023,

ORDERED that Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; and it is further

ORDERED that a certificate of appealability shall not issue; and it is further

ORDERED that the Clerk shall mark this case as closed.

      */s/ Georgette Castner*
      GEORGETTE CASTNER
      United States District Judge